**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FEDERAL ELECTION COMMISSION,
Plaintiff-Appellant,

v.

CHRISTIAN ACTION NETWORK,
INCORPORATED; MARTIN MAWYER,

No. 95-2600

Defendants-Appellees.

DEMOCRATIC NATIONAL COMMITTEE;
AMERICAN CIVIL LIBERTIES UNION OF
VIRGINIA,
Amici Curiae.

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
James C. Turk, District Judge.
(CA-94-82-L)

Argued: May 10, 1996

Decided: August 2, 1996

Before RUSSELL and LUTTIG, Circuit Judges, and CHAPMAN,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David Brett Kolker, FEDERAL ELECTION COMMIS-
SION, Washington, D.C., for Appellant. David William T. Carroll, II,

Columbus, Ohio, for Appellees. **ON BRIEF:** Lawrence M. Noble, General Counsel, Richard B. Bader, Associate General Counsel, FEDERAL ELECTION COMMISSION, Washington, D.C., for Appellant. Frank M. Northam, WEBSTER, CHAMBERLAIN & BEAN, Washington, D.C., for Appellees. Stephen B. Pershing, Legal Director, AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF VIRGINIA, Richmond, Virginia, for Amicus Curiae ACLU. Joseph E. Sandler, General Counsel, DEMOCRATIC NATIONAL COMMITTEE, Washington, D.C.; Donald B. Verrilli, Paul M. Smith, Washington, D.C.; Daniel H. Bromberg, Washington, D.C., for Amicus Curiae Committee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Federal Election Commission brought this civil enforcement action against Appellees Christian Action Network, Inc., and its president and chief executive officer, Martin Mawyer, (collectively, "CAN"), alleging violations of the Federal Election Campaign Act of 1971, as amended, 2 U.S.C. § 431 et seq ., after Appellees sponsored newspaper and television advertisements shortly before the 1992 presidential election depicting then-Governor Clinton's stance on homosexual issues. The television advertisement begins with a picture of President Clinton before an American flag; the picture fades to a negative image of the President, and then the camera cuts away to a series of four scenes of marchers in a "gay pride" parade carrying placards with a variety of slogans supporting homosexual rights as the announcer states:

> Bill Clinton's vision for a better America includes: job quotas for homosexuals; giving homosexuals special civil rights; allowing homosexuals in the armed forces. Al Gore

2

> supports homosexual couples adopting children and becom-
> ing foster parents. Is this your vision for a better America?
> For more information on traditional family values, contact
> the Christian Action Network.

The newspaper advertisements convey a similar message, and cite the sources for the positions attributed to candidates Clinton and Gore in the television advertisement.

The Federal Election Campaign Act makes it "unlawful . . . for any corporation whatsoever . . . to make a contribution or expenditure in connection with any election" for federal office, 2 U.S.C. § 441b(a), although a corporation is permitted to establish a political action committee and to make such expenditures through that committee, subject to various reporting requirements, see 42 U.S.C. § 434(c). In order to prevent the statute from impermissibly infringing on First Amendment rights, however, the Supreme Court held in FEC v. Massachusetts Citizens for Life, Inc., 479 U.S. 238 (1986), that the only expenditures subject to the statutory prohibition are those that "expressly advocate" the election or defeat of a clearly identified federal candidate, id. at 249 (citing Buckley v. Valeo, 424 U.S. 1, 80 (1976)), by the use of such words as "vote for," "elect," "support," "cast your ballot for," "Smith for Congress," "vote against," "defeat," and "reject," Buckley, 424 U.S. at 44 n.52. The express advocacy requirement was subsequently codified at 2 U.S.C.§ 431(17), where "independent expenditures" are defined as"expenditure[s] by a person expressly advocating the election or defeat of a clearly identified candidate . . . ." (emphasis added).

Because the advertisements at issue here did not expressly advocate the election or defeat of Clinton, Gore, or any other candidate, the district court granted CAN's motion to dismiss.

We have read the briefs, heard oral argument, and given full consideration to the parties' contentions. Finding no error in the thorough opinion of the court below, Federal Election Commission v. Christian Action Network, 894 F. Supp. 946 (W.D. Va. 1995), and believing that it would be inappropriate for us, as a court, to even inquire whether the identification of a candidate as pro homosexual consti-

3

tutes advocacy for, or against, that candidate, we affirm on the reasoning of the district court.

<u>AFFIRMED</u>

4